# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOSEPH DODD,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0365** (BOR Appeal No. 2056100)
                    (Claim No. 2013017059)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Dodd, by Counsel J. Thomas Greene Jr., and T. Colin Greene, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Consolidation Coal Company, by Counsel Aimee M. Stern, filed a timely response.

The issue on appeal is permanent partial disability. On January 2, 2019, the claims administrator determined that Mr. Dodd was fully compensated by his prior 15% permanent partial disability award. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its December 1, 2020, Order. The Order was affirmed by the Board of Review on April 8, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Dodd, a coal miner and prep plant worker, developed occupational pneumoconiosis in the course and result of his employment. On June 6, 1991, the claims administrator granted a 15% permanent partial disability award for occupational pneumoconiosis. The Occupational Pneumoconiosis Board found that Mr. Dodd had occupational pneumoconiosis with no more than 15% impairment on June 20, 2013. On August 19, 2013, the claims administrator found that Mr. Dodd was fully compensated by his prior 15% permanent partial disability award for occupational pneumoconiosis. The decision was affirmed by the Office of Judges on October 20, 2014.

In a July 26, 2018, Occupational Lung Disease Evaluation, Attila Lenkey, M.D., concluded that Mr. Dodd had significant lung disease and was 100% disabled. He noted that Mr. Dodd's cigarette smoking history made it difficult to determine the exact percentage of impairment due to occupational pneumoconiosis. He opined that half of the impairment was attributable to Mr. Dodd's employment and recommended a 50% impairment rating.

In its November 6, 2018, findings, the Occupational Pneumoconiosis Board noted that x-rays were taken that day and compared to films dated June 20, 2013, and May 9, 1991. It further noted that the prior films showed nodular fibrosis. There was no change when compared to the new x-rays. The Board found sufficient evidence to diagnose occupational pneumoconiosis with no more than 15% impairment. Since Mr. Dodd was already awarded a 15% permanent partial disability award for occupational pneumoconiosis, no additional award was recommended. On January 2, 2019, the claims administrator determined that Mr. Dodd was fully compensated by his prior 15% permanent partial disability award.

Jack Kinder, M.D., testified in a hearing before the Office of Judges on behalf of the Occupational Pneumoconiosis Board on September 30, 2020. He stated that the Board saw Mr. Dodd on multiple occasions, starting in 1991, when he was assessed with 15% impairment due to occupational pneumoconiosis. The most recent testing was performed on July 26, 2018, and showed no increase in impairment due to occupational pneumoconiosis. Dr. Kinder stated that the testing showed 25% impairment, but only 15% was related to occupational pneumoconiosis because the diagnostic imaging was unchanged. Dr. Kinder stated that though Dr. Lenkey's testing

2

showed 50% impairment, the most reliable study of record was the one performed by the Board on November 6, 2018.

In its December 1, 2020, Order, the Office of Judges affirmed the claims administrator's decision finding Mr. Dodd was fully compensated by a prior 15% permanent partial disability award for occupational pneumoconiosis. The Office of Judges concluded that the Occupational Pneumoconiosis Board's findings were not clearly wrong based on the evidence of record. It therefore affirmed the claims administrator's decision. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 8, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." A preponderance of the evidence indicates that the Occupational Pneumoconiosis Board's decision is not clearly wrong.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn